Oscar Armstrong, Plaintiff and Appellee, *v.* Eduardo Flores-Colón and José Pilar González, Defendants and Appellants.

No. 3654. Argued December 1, 1925.—Decided April 26, 1926.

*Felipe Colón Díaz* for the appellants. *R. V. Pérez Marchand* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The promissory note, basis of the judgment below, reads thus:

"For $640.00.—On the 6th of June, 1922, we will pay jointly and severally to the order of Oscar Armstrong the sum of six hundred and forty dollars, in the city of Ponce, without fail, excuse or pretext whatever. To the faithful performance of this obligation we submit all our property and promise to pay costs and lawyers' fees in case the holder of this document has to proceed through judicial channels in order to collect it. It is agreed that this obligation will earn from this date, until its complete payment, interest at the rate of 10% annually. Ponce, December 6, 1921. (Signed) José P. González.— (Signed) Ed. Flores Colón.

"Affidavit No. 3830.—Sworn to and subscribed before me by Eduardo Flores Colón and José Pilar González, both of age, proprietors and residents in Ponce, whom I attest to know personally, in Ponce, December 6, 1921. (Signed) M. Alberto Salicrup, Notary Public."

The assignment of errors specifies that—

"The court erred in finding that there was no novation for the reason that what was contained in the deed admitted in evidence did not comply with section 1172 of the Civil Code."

The instrument relied upon as amounting to a novation of the contract is as follows:

"Recognition of debt. Number seventeen.—In Ponce, Porto Rico, on the eighteenth of January, 1923, before me, M. Alberto Salicrup, Notary Public, resident in this city, appear Eduardo Flores Colón; married, of age, lawyer and resident of Ponce, and Oscar Armstrong y Rieder, single, of age, proprietor and resident of Ponce also.

"I know personally the parties, and, having in my judgment the necessary legal capacity for this act, they say:

"First: That Flores Colón owes to Armstrong a note for the sum of six hundred forty dollars with interest earned according to said document, and thirty dollars more for expenses, which debt Flores now recognizes.

"Second: That Flores had insured with the Niagara Insurance

Company the buildings and machinery of a farm that he owns in Barros, which were destroyed by a fire, figuring among the insurance policies one for the amount of seven thousand five hundred dollars,. No. 14375.

"Third: That in order to guarantee the payment of said debt to Armstrong, Flores agrees to the company or its representative Angel M. Mayoral retaining the check that will be drawn in his favor as indemnity, and delivering it to Armstrong so that he may collect what is due him by virtue of said note, interest and expenses, and Flores wishes that Mayoral be served a copy of this deed, so that he may proceed accordingly.

"So they state before witnesses Américo Rodríguez and Armando Peña, who are residents of this city and in my judgment free from legal incapacity.

"And after having read this deed to the parties and witnesses, they sign it before me, the notary, and I attest to all contained in it. Eduardo Flores Colón.—Oscar Armstrong.—Américo Rodríguez. —Armando Peña.—(Signed) M. Alberto Salicrup.—Sealed.—A one dollar internal revenue stamp is attached herewith and canceled. On the same day, having before me Angel Mayoral, married, of age, agent of the Niagara Fire Insurance Company, and resident of Ponce, whom I know personally, I notified him of the preceding document, giving him a copy thereof. He signed and attested. Angel M. Mayoral. M. Alberto Salicrup.—Sealed.—A one dollar internal revenue stamp is attached herewith and canceled.

"This is a true copy of its original under my custody. In testimony whereof, and at the request of Angel Mayoral, I issue this copy at Ponce on the same date of its execution.—(Signed) M. Alberto Salicrup. (Stamp)."

Upon the question of novation the trial judge in his "statement of the case and opinion" said:

"As may be seen, therefore, the question before this court is whether or not there was such novation as alleged by the defendants. By novation is meant the act of substituting or changing one obligation for another, which can extinguish or modify the first. According to the provisions of section 1172 of our Civil Code, in order that an obligation may be extinguished by another which substitutes it, it is necessary that it should be so expressly declared. In our judgment, in this case, as the act of novation can be express or implied, the first one not being subject to a precise and specific formula that may represent and constitute it, it is necessary above all to investigate

the intentions of the contracting parties in establishing the contractual relations between themselves, as the law requires. Therefore, and referring to the third paragraph of said deed which has been transcribed above, we should decide, according to our judgment and to the scope that we attribute to such clause, that we are dealing with a change of form in the obligation in order to give it more authenticity, which does not amount to any possible novation. We find also that this was rather a postponement agreed to between the parties, which does not constitute novation in the true sense of the word either, according to the criterion which we have set forth and to the judgments of the Supreme Court of Spain of February 3, 1862, November 20, 1878, and February 10, 1883. And finally we should say that such terms so stated in the deed do not contain the express declaration that section 1172 of our Civil Code demands."

Section 1172 of the Civil Code provides that—

"In order that an obligation may be extinguished by another which substitutes it, it is necessary that it should be so expressly declared, or that the old and new be incompatible in all points."

Not only was there no express substitution in the case at bar but there was no incompatibility whatever between the two documents. Neither the insurance company nor its agent assumed any obligation nor was any obligation imposed upon either of them. The notarial instrument is neither more nor less than what it purports to be, namely, an acknowledgment of a pre-existing indebtedness and by way of additional security therefor, an authorization for the delivery of a contemplated check, when issued, without any undertaking whatever on the part of the prospective drawer, or of its agent, to deliver the same to the creditor of the payee and not to the payee himself.

Aside from an implied extension of time, there was no modification whatever of the original obligation.

The error, if any, in the statement filed by the trial judge is that it concedes too much. In so far as it assumes the compatibility of the two documents, it assumes a self-evident fact.

The judgment appealed from must be affirmed.